IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**ELEIWA & SONS, INC.
d/b/a BEAUTY SECRET
a/k/a K&F BEAUTY SUPPLY,
    Plaintiff,**

VS.                                          No. 2:09-CV-02086-shm-DKV
                                             **JURY DEMANDED**

**PEERLESS INDEMNITY INSURANCE COMPANY,
    Defendant.**

## AMENDED COMPLAINT FOR DAMAGES

COME NOW Plaintiff, Eleiwa & Sons, Inc. d/b/a Beauty Secret a/k/a K&F Beauty Supply, by and through its legal counsel of record, Kevin A. Snider of Snider & Horner, PLLC, and files its amended complaint for damages and state to this Honorable Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Eleiwa & Sons, Inc. d/b/a Beauty Secret a/k/a K&F Beauty Supply (hereinafter referred to as "Plaintiff") is a for-profit corporation existing under the laws of the State of Tennessee and is headquartered in Shelby County, Tennessee and also transacts business in the Shelby County, Tennessee area.

2. Khaled Eleiwa (hereinafter also referred to as "Plaintiff"), is an adult citizen and resident of Shelby County, Tennessee, serving as President of the company.

3. For purposes of this Complaint, each Plaintiff named in this action shall hereinafter be collectively referred to as "Plaintiffs".

4. Defendant, Peerless Indemnity Insurance Company (hereinafter referred to as "Defendant"), is a for profit organization that does not exist pursuant to the laws of the State of Tennessee, but is doing business in Shelby County, Tennessee, and may be served with process through the Tennessee Commissioner of Insurance.

5. Jurisdiction and Venue in the instant case are properly found in Shelby County, Tennessee, pursuant to T.C.A. § 20-4-101 and related sections.

## FACTUAL ALLEGATIONS

6. On or about November 5, 2007, Plaintiffs and Defendant entered into a contract for insurance, Policy No. BOP8347769 (hereinafter referred to as the "Insurance Policy"), which was effective from November 5, 2007 to November 5, 2008 at 12:01 A.M. Central Standard Time and was to insure Plaintiffs' business personal property in the amount of Three Hundred Thousand Dollars ($300,000.00). A copy of Plaintiffs' Insurance Policy is attached hereto as Exhibit "A".

7. In reliance on the above and under the terms and conditions of the Insurance Policy, Plaintiffs paid Defendant the appropriate premiums for the term of November 5, 2007 to November 5, 2008 at 12:01 A.M. Central Standard Time. Defendant in turn was to provide Plaintiffs with insurance coverage under the terms and conditions as outlined hereinabove.

8. At all times pertinent, Plaintiffs were current in paying the premiums on said Insurance Policy and complied in good faith with all of the terms and conditions of said Insurance Policy.

9. On or about May 26, 2008, a fire occurred at a neighboring business next door to the insured premises, located at Beauty Secret d/b/a K&F Beauty Supply - Millbranch, 3439 North Watkins Street, Memphis, Tennessee 38127. Said fire caused substantial smoke damage to Plaintiffs' business and its contents.

10. Plaintiffs timely reported and/or filed their insurance claim with Defendant for losses caused by the fire on or about May 27, 2008 as is required by the Insurance Policy and complied with many, if not all, of the other rigorous requirements and demands made by Defendant in regard to said claim. Said insurance claim has been designated as Claim No. 203332380. Plaintiffs' Sworn Statement in Proof of Loss and business financial reports are collectively attached hereto as Exhibit "B".

11. Except for paying a portion of Plaintiffs' claim, Defendant has refused and/or otherwise failed to pay for the remaining portion of Plaintiffs' lost profits and lost business in that the business property is still not in habitable, useable, and/or rentable condition to enable Plaintiffs to reopen their business despite current problems that said Plaintiffs are having with their landlord.

12. Moreover, Defendant has refused and/or otherwise failed to fully pay Plaintiffs for the increased inventory (due to seasonal increases) that was lost, damaged, and/or destroyed in the fire and is covered under the Insurance Policy.

13. The remaining portion of Plaintiffs' lost profits, lost business, and increased inventory lost in the fire total One Hundred Fifteen Thousand Dollars ($115,000.00).

14. Although Defendant has paid Plaintiffs for only three (3) months worth of lost income to the property, the premises are still not fit and habitable for Plaintiffs' business.

15. Additionally, Plaintiffs provided Defendant with written documentation from Shelby County Code Enforcement indicating that the property still has not passed the various code requirements and approval regardless of what the landlord says to the contrary about the premises being "ready" for Plaintiffs to reoccupy. Documentation from the Memphis and Shelby County Office of Construction Code Enforcement is collectively attached hereto as Exhibit "C".

16. Furthermore, both of Plaintiffs' signs, which total Twenty-Four Thousand, Nine Hundred Dollars ($24,900.00), were damaged, destroyed, and/or lost in the initial incident of May 26, 2008 and reported as such even though Defendant's Claim Analyst, J. Mac Tilley (hereinafter referred to as "Mr. Tilley"), insisted that Plaintiffs file a separate claim for said signs on or about June 10, 2008. An invoice from All Signs for the replacement of Plaintiffs' signs is attached hereto as Exhibit "D".

17. Even though Plaintiffs' signs were damaged, destroyed, and/or lost in the fire and were included in the initial claim, Plaintiffs still filed a separate claim for said signs on or about June 10, 2008 upon request by Defendant in order to cooperate in good faith with the inspection and/or investigation of their insurance claim.

18. Plaintiffs signed a Cancellation Request / Policy Release on or about August 22, 2008 due to their recent decision not to reoccupy the premises, not on June 1, 2008 as Defendant so contends in favor of excluding coverage of the signs as part of Plaintiffs' insurance claim. Plaintiffs' Cancellation Request / Policy Release is attached hereto as Exhibit "E". Likewise, Plaintiffs' premium invoices and corresponding premium payments for the months of June and July of 2008 are collectively attached hereto as Exhibit "F".

19. Lastly, Defendant's denial of Plaintiffs' peak season claim of Seventy-Five Thousand Dollars ($75,000.00) is based on Defendant's loss auditor, Mike Polk (hereinafter referred to as "Mr. Polk"), concluding a calculation without providing Plaintiffs any additional information to support Mr. Polk's conclusion against a seasonal variance.

## FIRST CLAIM – BREACH OF CONTRACT

20. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

21. This claim is for breach of contract against Defendant.

22. Plaintiff has dutifully performed all of the terms and conditions of the above-cited Insurance Policy on their part by staying current with their payment of insurance premiums and following Defendant's instructions to provide requested information in order to have their insurance claim successfully satisfied.

23. Defendant has breached their obligations under the Insurance Policy by denying, failing, and/or refusing to do the following:

  A. Fully pay Plaintiff's insurance claim for lost profits; for lost business in that the business premises are not in fit, habitable, useable, and/or rentable condition for Plaintiffs to reopen shop; and for the increased inventory that was lost, damaged, and/or destroyed in the fire.

  B. To reimburse Plaintiff for the replacement of signs that were lost, damaged, and/or destroyed in the fire.

  C. To honor the Insurance Policy's coverage period for the months of June and July of 2008 until Plaintiff's cancelled the Insurance Policy on or about August 22, 2008.

  D. To perform the foregoing actions in a timely manner.

24. As a sole, direct, and proximate cause of Defendant's breach of contract, Plaintiff has and continues to incur substantial damages.

## SECOND CLAIM – FRAUD AND/OR MISREPRESENTATION

25. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

26. Defendant, their agents, employees, and/or other individuals acting on their behalf engaged in fraud and/or misrepresentation when they represented to Plaintiff that they would fully pay an insurance claim for lost profits, lost business, and/or increased inventory that is lost, damaged, and/or destroyed by fire that falls within the scope of Plaintiff's Insurance Policy when, in fact, Defendant has failed and/or refused to fully pay for the aforementioned losses.

27. Defendant, their agents, employees, and/or other individuals acting on their behalf engaged in fraud and/or misrepresentation when they represented to Plaintiff that they would reimburse said Plaintiffs for the replacement of signs that are lost, damaged, and/or destroyed in a fire as part of the initial claim when, in fact, Defendant has failed and/or refused to reimburse Plaintiff for said signs, forcing Plaintiff to file a separate claim for the signs which was also denied after it was fraudulently altered by the Defendant or its representatives.

28. Defendant, their agents, employees, and/or other individuals acting on their behalf engaged in fraud and/or misrepresentation when they represented to Plaintiff that they would honor the coverage term from November 5, 2007 until November 5, 2008 at 12:01 A.M. Central Standard Time until Plaintiffs cancelled the Insurance Policy on or about August, 22, 2008 when, in fact, Defendant has failed and/or refused to honor the months of June and July for coverage purposes when Plaintiff's Insurance Policy was still in effect.

29. Defendant, their agents, employees, and/or other individuals acting on their behalf engaged in fraud and/or misrepresentation when they represented to Plaintiff that they would perform their obligations under the Insurance Policy in a timely manner when, in fact, they still have failed and/or refused to perform all of said obligations under the parties' agreement.

30. Defendant, their agents, employees, and/or other individuals acting on their behalf engaged in fraud and/or misrepresentation when they made the false representation to Plaintiff that their goods and/or services had the sponsorship, approval, characteristics, uses, benefits, and/or qualities that they do not have.

31. Defendant, their agents, employees, and/or other individuals acting on their behalf engaged in fraud and/or misrepresentation when they represented to Plaintiff that their goods and/or services were of a particular standard, quality, and/or grade which they do not possess.

32. Defendants, their agents, employees, and/or other individuals acting on their behalf engaged in fraud and/or misrepresentation when they made the false representation to Plaintiff that this business transaction conferred or involved rights and remedies which it did not have or involve.

33. Defendant's actions were intentional, willful, malicious, and/or reckless and entitle Plaintiff to punitive damages. Defendant knew of the foregoing falsehoods and made them recklessly with the intent to deceive Plaintiff and to induce them into entering into a corporate insurance policy that would not honor claims filed for losses, damages, and/or destruction resulting from a fire spreading to Plaintiff's business.

34. Alternatively, Defendant's actions and/or omissions were negligent in that Defendant failed to exercise due care and should have reasonably foreseen that their herein-stated actions and/or omissions would harm or damage Plaintiff fiscally.

35. As a sole, direct, and proximate cause of Defendant's actions and/or omissions, Plaintiff has and continues to incur substantial damages.

## THIRD CLAIM – VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

36. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

37. This claim is for violations of the Tennessee Consumer Protection Act of 1977 as stated in T.C.A. § 47-18-101, et seq. (hereinafter referred to as the "Consumer Act") by Defendant and/or their agents, employees, and/or other individuals acting on their behalf.

38. As a result of the above, inter alia, Defendant committed one or more unfair and/or deceptive acts/practices in violation of the Consumer Act in one or more of the following ways:

   A. By falsely representing to Plaintiff that Defendant would fully pay an insurance claim for lost profits, lost business, and/or increased inventory that is lost, damaged, and/or destroyed by fire pursuant to Plaintiff's Insurance Policy; and/or

   B. By denying, failing, and/or refusing to fully cover Plaintiff's insurance claim for lost profits, lost business, and/or increased inventory that was lost, damaged, and/or destroyed by the fire; and/or

   C. By falsely representing to Plaintiff that Defendant would reimburse said Plaintiffs' for the replacement of signs that are lost, damaged, and/or destroyed in a fire as part of the initial insurance claim and/or fraudulently altering the claim form after being signed by the Plaintiff in an apparent effort to avoid paying for said loss; and/or

   D. By denying, failing, and/or refusing to reimburse Plaintiff for the signs that were lost, damaged, and/or destroyed in the fire as part of their initial insurance claim; and/or

E. By falsely representing to Plaintiff that Defendant would honor the coverage term from November 5, 2007 until November 5, 2008 at 12:01 A.M. Central Standard Time until Plaintiffs cancelled the Insurance Policy on or about August, 22, 2008; and/or

F. By denying, failing, and/or refusing to honor the effective status of Plaintiff's Insurance Policy for the months of June and July of 2008 until Plaintiff cancelled said policy on or about August 22, 2008; and/or

G. By falsely representing to Plaintiff that Defendant would perform their obligations as insurer under the Insurance Policy in a timely manner; and/or

H. By failing and/or refusing to perform their obligations as insurer under the Insurance Policy in a timely fashion;

I. By misrepresenting to Plaintiff that Defendant's goods and/or services had the sponsorship, approval, characteristics, uses, benefits, and/or qualities that they do not have; and/or

J. By misrepresenting to Plaintiff that Defendant's goods and/or services were of a particular standard, quality, and/or grade; and/or

K. By misrepresenting to Plaintiff that this business transaction conferred or involved rights and remedies which it did not have or involve; and/or

L. By other acts and/or omissions previously described above which are deceptive to the consumer or to any other person.

39. As a result of Defendant's intentional, willful, and/or knowing violations of the Tennessee Consumer Protection Act, Plaintiff has and continues to incur substantial damages, and Defendant is liable to Plaintiff in the sum of three (3) times their actual damages, reasonable attorney fees, and costs of litigation.

## FOURTH CLAIM – BAD FAITH REFUSAL TO PAY CLAIM

40. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

41. Plaintiff duly performed the terms and conditions of the Insurance Policy by timely paying premiums and providing the information that Defendant requested from Plaintiff.

42. Defendant acted in bad faith in denying, failing, and/or refusing to timely and fully pay Plaintiff's insurance claim for lost income, lost profits, lost business, lost signs, and increased inventory lost, damaged, and/or destroyed in the fire pursuant to the Insurance Policy in violation of T.C.A. § 56-7-105 and related sections.

43. As a direct sole, direct, and proximate result of Defendant's untimely bad faith denial of Plaintiff's full insurance claim regarding lost income, lost profits, lost business, lost signs, and increased inventory lost, damaged, and/or destroyed in the fire, Plaintiff has and continues to incur substantial damages.

## FIFTH CLAIM – DETRIMENTAL RELIANCE

44. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

45. Plaintiff, in reliance upon Defendant's misrepresentations surrounding their timely and thorough coverage of Plaintiff's insurance claim within the Insurance Policy limits for lost profits, lost business, lost signs, and increased inventory lost, damaged, and/or destroyed in the fire, applied for the Insurance Policy and spent thousands of dollars worth of money on business insurance premiums to protect their business in the event of a fire.

46. Believing in good faith that Defendant would timely and thoroughly cover Plaintiffs' insurance claim within the limits of the Insurance Policy for lost profits, lost business, lost signs, and increased inventory lost, damaged, and/or destroyed in the fire, Plaintiff applied for the Insurance Policy through Defendant and spent thousands of dollars on business insurance premiums to protect their business in the event of a fire, which Plaintiff would not have done had Plaintiff known that Defendant would not timely and thoroughly honor the above insurance claim. Plaintiff's entering into an Insurance Policy with Defendant and payment of insurance premiums for said Insurance Policy, therefore, were to their detriment in that Defendant deny, failed, and/or refused to timely and fully pay Plaintiff's insurance claim for business losses from a fire.

47. As a result of Defendant's inducing detrimental reliance on the part of Plaintiff, Plaintiff has and continues to incur substantial damages.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues which may be determined by a jury.

**WHEREFORE, PREMISES CONSIDERED, your Plaintiffs pray:**

1. That proper process be issued and served upon Defendant, requiring them to answer this Complaint for Damages within the time allotted by the Tennessee Rules of Civil Procedure.

2. That Plaintiff be awarded a judgment against Defendant in an amount of not less than $250,000.00, or an amount to be more specifically proven either before or at trial.

3. That Plaintiff be awarded punitive damages against Defendant in an amount of not less than $1,000,000.00 or an amount to be more specifically proven either before or at trial.

4. That Plaintiff be awarded treble or other explemplary damages at the maximum rate permitted by law against Defendant pursuant the Tennessee Consumer Protection Act and/or Bad Faith Statute referenced above.

5. That Plaintiff be awarded reasonable attorney fees against Defendant pursuant to the Tennessee Consumer Protection Act and/or Bad Faith Statute referenced above.

6. That Plaintiffs be awarded prejudgment interest at the maximum rate permitted by law against Defendant.

7. That Plaintiffs be awarded discretionary costs as this Court deems appropriate.

8. That Plaintiffs be awarded the court costs and other expenses of this action.

9. That Plaintiffs be awarded such other and further relief to which they may be entitled by law.

        Respectfully submitted,

        SNIDER & HORNER, PLLC

        /s/ Kevin A. Snider
        KEVIN A. SNIDER #18231
        Attorney for Plaintiffs
        Corporate Gardens
        9056 Stone Walk Place
        Germantown, TN 38138
        (901) 751-3777 (phone)
        (901) 759-0041 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the forgoing document has been electronically filed with the Clerk of the Court and properly served upon the attorneys of record in this matter through the Court's ECF system on this 18th day of March, 2009.

/s/ Kevin A. Snider
Kevin A. Snider